UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BARRY ROSENTHAL,

           Plaintiff,

-vs-                                    Case No. 5:10-cv-67-Oc-10TBS

MICHAEL J. ASTRUE, Commissioner of
Social Security,

           Defendant.
_____

# O R D E R

This case is before the Court for consideration of the Plaintiff's Motion for Attorney Fees Under Social Security Act 42 U.S.C. § 406(b) (Doc. 20). The Commissioner of Social Security has filed a response in opposition (Doc. 22), and with leave of Court, the Plaintiff has filed a reply (Doc. 25). The Plaintiff is seeking an award of $10,000.00 in attorney fees to be paid from the Plaintiff's back benefits, (less $2,199.50 in fees previously awarded to the Plaintiff under 28 U.S.C. § 2412(d), see Docs. 18-19). The fee is sought in accordance with the fee agreement entered into between the Plaintiff and his attorney (Doc. 20-1).

Previously, on November 5, 2010, pursuant to an unopposed motion by the Commissioner (Doc. 11), the Court entered judgment reversing and remanding this case for further proceedings under sentence four of 42 U.S.C. § 405(g) (Doc. 13). Judgment was entered to that effect on November 8, 2010 (Doc. 14). The Plaintiff was then awarded disability benefits and a period of disability beginning December 31, 1997 in a fully

favorable decision issued by the Administrative Law Judge on September 16, 2011. The Social Security Administration issued its award letter on October 11, 2011 (Doc. 20-1), and counsel for the Plaintiff filed the present motion for attorney fees pursuant to 42 U.S.C. § 406(b)(1) fourteen days later, on October 25, 2011.[1]

The Commissioner first opposes the present motion for fees as untimely under Fed. R. Civ. P. 54.[2] Rule 54(d)(2)(B)(i) provides that any motion for attorney's fees "must be filed no later than 14 days after the entry of judgment," unless a statute or court order provides otherwise. Because the Court's judgment reversing and remanding this case was entered on November 8, 2010 (Doc. 14), and because the Plaintiff neither requested (and this Court did not grant) any extension of time to file a motion for attorney fees, the Commissioner argues that Rule 54(d)(2)(B) mandated that any motion for attorney fees under § 406(b) should have been filed no later than November 22, 2010.

---

[1] 42 U.S.C. § 406(b)(1)(A) provides, in pertinent part:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, . . ., certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. . . .

[2] The Commissioner confirms that it does not have any direct financial stake in this motion as any attorney fees awarded would be paid solely from the Plaintiff's back benefits due and owing Instead, the Commissioner is proceeding in a role resembling that of a trustee for the Plaintiff. See Gisbrecht v. Barnhart, 535 U.S. 789, 798 n. 6, 122 S.Ct. 1817, 1823 n. 6 (2002).

2

The Eleventh Circuit made clear in Bergen v. Commissioner of Social Security, 454 F.3d 1273 (11th Cir. 2006) that the time limit set forth in Fed. R. Civ. P. 54(d)(2)(B) applies to attorney's fees claims under § 406(b). Id. at 1277. However, the Court of Appeals did not address when that time limit begins to run for purposes of a § 406(b) motion, even though the Court recognized that confusion existed over how to integrate the time limit of Fed. R. Civ. P. 54(d)(2)(B) and the procedural framework under § 406(b). Id.

This confusion exists because a person cannot make a claim for fees, or determine the amount of such a fee award, under § 406(b) unless and until that person is awarded benefits (and, in particular, back benefits) from the Social Security Administration. Yet a judgment in federal court reversing and remanding the case to the Commissioner to determine eligibility for such benefits is typically entered months, if not years, before any such award is made. Thus, if the 14-day time limit of Fed. R. Civ. P. 54(d)(2) were to run from the date of the entry of judgment, the plaintiff would be in the untenable position of seeking an award for fees that the plaintiff is not yet entitled to, for an entirely undetermined amount, which cannot be reduced to judgment until some unknown future point in time.

Recognizing this conflict, the Bergen Court suggested that "the best practice, in the entry of a judgment for immediate entry of benefits, would be for the Plaintiff to request and the Court to include in the judgment a statement that attorneys fees may be applied for within a specified time after the determination of Plaintiff's past due benefits by the Commission." 454 F.3d at 1278. In this case, the Plaintiff made no such request and the Court did not include any such extension of time in its November 8, 2010 judgment.

Nevertheless, the Plaintiff argues that the language of Bergen strongly supports a finding that the 14-day time limit of Fed. R. Civ. P. 54(d)(2) should begin to run from the date that the final award letter is issued by the Social Security Administration. For it is only at this point that the Plaintiff becomes aware that he can seek attorneys fees under §406(b), and can quantify the award to be requested.

As the Commissioner acknowledges, there is currently no binding precedent, rule, or order interpreting Bergen to mean that Rule 54(d)(2)(B)'s 14-day time period must run from the date of judgment only.[3] Cf. Blitch v. Astrue, 261 Fed. Appx. 241, 2008 WL 73668 at * 1, n. 1 (11th Cir. Jan. 8, 2008) (recognizing that the "best practice [suggested in Bergen] has not been a universally-workable solution."). However, the Plaintiff has cited to an unpublished decision from this District, Cook v. Commissioner of Social Security, No. 3:08-cv-912-J-34MCR, 2010 WL 2871816 (M.D. Fla. July 20, 2010), in support of his position. Recognizing that "there is no general order or local rule which institutes procedures for seeking 406(b) fees," the Magistrate Judge in Cook applied "the most liberal reading of Rule 54(d)(2)(B)" and construed the 14-day limitations period to begin to run "on the date the notice of award is served." 2010 WL 2871816 at * 1. See also Walker v. Astrue, 593 F.3d 274 (3rd Cir. 2010) (reaching the same result by holding that Rule 54(d)(2)(B)'s limitations period applies to § 406(b) motions for attorneys fees, but is tolled

---

[3]The suggestion of a "best practice" as a means of circumventing or avoiding a potential legal pitfall, by its very nature, does not establish a holding of the court or a mandated procedure.

4

until the notice of award is issued by the Commissioner and counsel is notified of the award).

The Court finds Cook persuasive, and will apply it to this case. The Social Security Administration sent the Plaintiff its award letter on October 11, 2011 (Doc. 20-1). Thus, the 14-day limitations period did not expire until October 25, 2011 – the date the Plaintiff filed his motion for attorneys fees in this Court (Doc. 20). Accordingly, the Court finds that the motion was timely-filed.

The Commissioner next argues that the award requested by the Plaintiff's counsel is unreasonable and would result in an excessive windfall. Section 406(b) authorizes a court to award a reasonable fee not to exceed 25% of the total of past-due benefits. Because the Plaintiff's attorney is seeking $10,000.00 for 12.5 hours of work in this Court, the Commissioner argues that this would result in an unreasonably excessive hourly rate of $800.

The United States Supreme Court held in Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817 (2002) that contingency fee agreements such as the one in this case, where the award of fees cannot exceed 25% of the Plaintiff's back benefits, are authorized under 42 U.S.C. § 406(b), subject to "court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807, 122 S.Ct. at 1828. Issues to consider when assessing reasonableness include, for example, whether the attorney's work was substandard, whether the attorney was responsible for any delays (and would thereby profit from the accumulation of additional back benefits during the

5

delay), or whether the benefits are large in comparison to the amount of time counsel spent on the case. Id. at 808, 122 S.Ct. at 1828.

In this case, the Plaintiff's counsel requests a total of $10,000.00, far less than 25% of the Plaintiff's back benefits ($18,677.25). There is also no evidence that counsel delayed any proceedings, or that counsel's performance was substandard. Although the number of hours expended in this case – 12.5 – seem somewhat small in comparison to the relief awarded, the Court does not find the difference between them to be so disproportionate as to warrant a reduction in the fee request.[4] The Court is also persuaded by the fact that the Plaintiff received all of the relief requested – an excellent result in both this court and before the Social Security Administration. The Court therefore finds that the fees requested are reasonable and due to be awarded.

Accordingly, upon due consideration, the Plaintiff's Motion for Attorney Fees Under Social Security Act, 42 U.S.C. § 406(b) (Doc. 20) is GRANTED. The Court finds that a reasonable attorney fee for the Plaintiff's counsel, Suzanne Harris, for representation of the Plaintiff in this Court is $10,000. Because the Plaintiff's counsel was previously awarded $2,199.50 in fees (Doc. 19), and counsel acknowledges that these fees are to be refunded to the Plaintiff (Doc. 20, p. 12), the Commissioner is ordered to pay to Suzanne Harris the

---

[4]The Court further notes that the "lodestar" method of determining the reasonableness of attorney's fees does not apply to fee requests under § 406(b). Gisbrecht, 535 U.S. at 806-08, 122 S.Ct. at 1827-29.

6

net amount of $ 7,800.50 out of the Plaintiff's past-due back benefits. See Jackson v. Commissioner of Social Security, 601 F.3d 1268, 1274 (11th Cir. 2010).

The Clerk is directed to enter judgment accordingly, terminate all pending motions, and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 30th day of November, 2011.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record